Jeffrey S. Shumejda, Esq. Informal Opinion Town Attorney No. 95-39 Town of Putnam Valley Sleepy Hollow National Bank Bldg. North Tarrytown, NY 10591
Dear Mr. Shumejda:
You have asked whether the Town of Putnam Valley may appoint harbor masters with peace officer powers to patrol Lake Oscawana.
As you note, Criminal Procedure Law § 2.10(19) includes "harbor masters appointed by a county, city, town or village" within the list of individuals accorded peace officer status.
Criminal Procedure Law § 2.10(19) was enacted in 1965 together with an amendment to the Navigation Law. L 1965 ch 168. The amendment expanded the definition of navigable waters to include the Long Island Sound bordering on Westchester County and modified the provisions governing State reimbursement of enforcement expenses. The county had not been enforcing the Navigation Law and the burden of regulating the coastal waters fell on municipalities within the county. The aim of the legislation was to strengthen enforcement and to permit those municipalities to receive State aid to cover a portion of the cost of enforcing the Navigation Law. See, VanCott Memorandum in Support, Bill Jacket, L 1965 ch 168. The amendments were written to cover more than the purposes described above, however, and permit any "city, town or village" to seek State aid for enforcement of the provisions of the Navigation Law if the county in which the municipality was located did not enforce it. Counties were already covered. See, Navigation Law §§ 79-a, 79-b; 9 NYCRR §§ 446.21-446.25.
The amendment also provided that harbor masters appointed by
a county, city, town or village would have peace officer status. This was viewed as necessary to assist the municipalities in enforcing the Navigation Law on the navigable waters of the State. Bill Jacket, supra. We note that the Legislature did not limit its grant of authority to appoint harbor masters with peace officer status to particular municipalities. In other instances where the Legislature wished to make such a limited grant, it specified the limitation in the statute. See,e.g., Criminal Procedure Law § 2.10(18), (27), (51).
Currently, navigable waters are defined as
 all lakes, rivers, streams and waters within the boundaries of the
 state and not privately owned, which are navigable in fact or upon which vessels are operated, except all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties.
Navigation Law § 2(4).
We conclude that the statute discussed above was intended to authorize any municipality in the State to appoint a harbor master with peace officer status to enforce the Navigation Law upon the navigable waters of the State. Accordingly, we conclude that the Town of Putnam Valley may appoint harbor masters to enforce the Navigation Law on Lake Oscawana, provided that the lake meets the definition of navigable waters contained in Navigation Law § 2(4). We also note that in a prior opinion we concluded that town harbor masters, as peace officers, may enforce those provisions of the Environmental Conservation Law which are consistent with their specific duties when authorized or required to do so by their employers. Op Atty Gen (Inf) No. 83-55.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General